# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Pamela P. Matthews, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 8:17-cv-870-PMD-JDA |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nancy A. Berryhill, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Plaintiff Pamela Matthews' objections to United States Magistrate Judge Jacquelyn D. Austin's report and recommendation ("R & R") (ECF Nos. 29 & 23). The Magistrate Judge recommends that the Commissioner's decision be affirmed. For the reasons stated herein, the Court overrules two of Matthews' objections, sustains one, adopts the R & R in part, and remands the remaining issues to the Commissioner.

## PROCEDURAL HISTORY

The Magistrate Judge issued her R & R on July 10, 2018. Matthews filed her objections to the R & R on July 27, and the Commissioner replied on August 10. Accordingly, this matter is now ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's recommendations and proposed findings within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo

review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151–52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Pro se filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. See *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

Matthews makes three principal objections to the Magistrate Judge's recommendations in the R & R. First, she asserts that ALJ incorrectly summarized her testimony at her hearing and that the statements in that summary are inaccurate. As a result, she objects to the Magistrate Judge's statement that Matthews failed to point out any inaccurate statements that the ALJ relied on in making his decision. Second, Matthews objects to the Magistrate Judge's analysis relating to the ALJ's omission of limitations noted by her consultative examiner, Dr. Stephen Schacher. Finally, Matthews objects to the ALJ's use of the vocational expert's testimony and the ALJ's

omission of the "occasional use of the right hand" limitation from her residual functional capacity determination. With this final objection, Matthews does not state how the Magistrate Judge applied this error by the ALJ. Accordingly, having failed to specifically object to something in the R & R, the Court overrules that final objection. The Court will address the remaining two objections in order below.

First, the Court turns to the ALJ's summary of Matthews' testimony and the credibility determination the ALJ made based on that testimony. The Magistrate Judge concluded that Matthews had not directed the Court to any inaccurate statement or summary of the record that the ALJ made. In fact, the Magistrate Judge went through each of the facts the ALJ set forth in his summary and cited to Matthews' relevant testimony to those facts. Although Matthews asserts that the ALJ is mischaracterizing her testimony by overestimating the extent to which she is able to perform various tasks, the Court agrees with the Magistrate Judge that the ALJ's decision is supported by substantial evidence when the debate turns on how the ALJ characterized a fact. Accordingly, the Court overrules that objection.

Second, Matthews objects to the Magistrate Judge's conclusion that the ALJ did not err when he did not include the consultative examiners' purported limitations in her residual functional capacity ("RFC") determination. Specifically, Matthews argues that Dr. Schacher's report included limitations that he had assessed, but that the ALJ dismissed those limitations as a recitation of Matthews' self-reported abilities. Additionally, Matthews contends that the other consultative examiners included limitations in their findings that the ALJ should have included in his RFC finding because he professed to give those examiners' findings great weight. The Court agrees with Matthews and remands this portion of the case for further proceedings.

The ALJ states in his opinion that "[u]pon examination of Dr. Schacher's report, the undersigned notes that Dr. Schacher did not assess any limitations, but rather included a recitation of the claimant's self-reported abilities in his report." (Social Security Admin. R., ECF No. 16-2, at 27.) Nothing in Dr. Schacher's report indicates that it only included a recitation of Matthews' limitations, rather than examination findings by Dr. Schacher. In fact, Dr. Schacher's notation that Matthews had limited ranges of motion with cervical extension and rotation, as well as a limited range of motion with right shoulder abduction belies the ALJ's statement that Matthews was simply relaying her abilities to Dr. Schacher. The Commissioner has not advanced any argument as to the impact of this failure to consider Dr. Schacher's prescribed limitations, so the Court cannot conclude that this was harmless error. Accordingly, the Court must remand this action to the Commissioner for further proceedings. While the action is with the Commissioner, the Court also requests clarification of the ALJ's decision to afford the other consultative examiners' opinions great weight, while simultaneously not adopting their findings in Matthews' RFC.

## CONCLUSION

For the reasons set forth above, the Court cannot conclude that the ALJ's decision to deny benefits was supported by substantial evidence. Accordingly, the Court **ADOPTS THE R & R IN PART** and **REJECTS IT IN PART**. The Commissioner's decision is **REMANDED** under sentence four of 42 U.S.C. S 405(g) to the Commissioner for further proceedings as set forth above. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**August 24, 2018**
**Charleston, South Carolina**

4